UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Honorable  Patty Shwartz**  U.S. Post Office & Courthouse Bldg.
**United States Magistrate Judge**  Federal Square, Newark, NJ  07101
(973) 645-6596

September 12, 2006

**LETTER OPINION**

Mark Anthony Rodriguez , Jr., pro se
Passaic County Jail
11 Marshall Street
Paterson, NJ 07501

**RE: Rodriguez v. Passaic County Juvenile Detention Center et al.
Civil Action No. 06-2742 (KSH)**

Dear Litigants:

The Court is in receipt of plaintiff Mark Anthony Rodriguez, Jr.'s ["the plaintiff"] request for appointment of pro bono counsel under 28 U.S.C. § 1915(e)(1), dated July 17, 2006 and filed August 4, 2006.  For the reasons set forth below, the plaintiff's request is denied without prejudice to reapply if his circumstances change.

**BACKGROUND**

The plaintiff is currently confined in the Passaic County Jail in Paterson, New Jersey.[1] On February 7, 2006, plaintiff filed the Complaint and an application to proceed in forma pauperis ["IFP"] against Passaic County, the Passaic County Juvenile Detention Center, and five officers of the Passaic County Juvenile Center.  He alleges that on November 10, 2005, the defendants violated his civil rights when they used excessive force against him, which resulted in a fractured nose, severe back, neck, and head pain, lost consciousness, dizziness, and nose bleeds. [See Compl. at 2].

On June 28, 2006, the Court granted plaintiff's IFP application. [See Docket Entry No. 2]. On August 4, 2006  the plaintiff filed this application for the appointment of counsel. [See Docket Entry No. 6 "App. for Counsel"].  In his application, plaintiff argues that he is entitled to

---

[1] At the time plaintiff filed his Complaint, he was confined in the Passaic County Juvenile Detention Center in Haledon, New Jersey.

counsel because: (1) he lacks the ability to present an effective case and needs an attorney trained in civil rights matters; and (2) he has been unable to find an attorney who will accept his case. [See App. for Counsel at 3].

## DISCUSSION

There is no constitutional or statutory right to appointed counsel for indigent civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). District courts have broad discretion in determining whether the appointment of counsel is appropriate. 28 U.S.C. § 1915 (c)(1); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993).

In considering a request for appointment of counsel, the Court must first assess the threshold matter of ". . . whether the claimant's case has some arguable merit in fact and law." Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002). If the applicant satisfies this threshold requirement, then the Court should consider the following factors:

(1) the plaintiff's ability to present his case;
(2) the difficulty of the particular legal issues;
(3) the degree to which factual investigations will be necessary and the ability of the plaintiff to pursue an investigation;
(4) the extent to which a case is likely to turn on credibility determinations;
(5) whether the case will require testimony from expert witnesses; and
(6) the plaintiff's capacity to retain counsel on his own behalf.

Tabron, 6 F.3d at 156-57. The decision to appoint counsel "must be made on a case-by-case basis." Id. Assuming for the purposes of this application that plaintiff's claims have merit, the Court finds that an application of the remaining Tabron factors do not support his request for appointed counsel.

First, plaintiff appears to be capable of presenting his case. Generally, courts consider plaintiff's education, literacy, prior work experience, and prior litigation experience, as well as plaintiff's ability to understand English. Id. at 156. Here, the plaintiff confirms that he speaks English and his Complaint and application for appointed counsel demonstrate that he is literate and able to articulate his claims and requests for relief. See App. for Counsel at 4. Moreover, the plaintiff has not identified any reason that he cannot proceed on his own other than a desire to have "an expert" try his case. Id. at 3. A desire for counsel alone, however, is not a sufficient basis for the plaintiff to obtain appointed counsel.

Second, the complexity of this case does not warrant appointment of counsel. The Court of Appeals for the Third Circuit has explained that "where the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." Id. at 156 (citing to Maclin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)). Here, the plaintiff alleges his civil rights were violated when the defendants used excessive force

against him.  This area of law is well developed and uncomplicated.  Therefore, plaintiff's case does not involve a level of complexity that requires representation by a lawyer.  Accordingly, this factor weighs against the appointment of counsel.

  Third, although the plaintiff is incarcerated, he is able to conduct fact investigation using the discovery tools available to him under the Federal Rules of Civil Procedure.  Id. (stating "[t]he court may . . . consider the extent to which prisoners and other suffering confinement may face problems in pursuing their claim [such as] where the claims are likely to require extensive discovery and compliance with complex discovery rules."). Plaintiff has access to the tools of discovery and has not described any particular challenges to his ability to conduct discovery. This factor, therefore, militates against appointment of counsel.

  Fourth, the Court must consider whether or not a case is likely to turn on credibility determinations.  Id.  "[W]hen considering this factor, courts should determine whether the case was solely a swearing contest."  See Parham, 126 F.3d at 460.  The extent to which this case will rest on credibility determinations is not yet apparent.

  Fifth, the Court may appoint counsel where the case will require expert testimony. Tabron, 6 F.3d at 156.  Plaintiff's alleged injuries include a fractured nose, severe back, neck, and head pain, lost consciousness, dizziness, and nose bleeds, all of which would be apparent to a lay person, therefore, expert testimony is not essential to the plaintiff's case.  See, e.g., Montgomery, 294 F.3d at 504 (holding "expert testimony is necessary when the seriousness of the injury or illness would not be apparent to a lay person.").  Therefore, this factor weighs against appointment of counsel.

  Sixth, plaintiff's inability to pay for counsel is an insufficient reason to appoint counsel. Plaintiff was granted in forma pauperis status and has, therefore, been found to be unable to pay filing fees.  See Montgomery, 294 F.3d at 505; Parham, 126 F.3 at 461.  While indigence is a prerequisite for the appointment of counsel, indigence alone does not warrant appointment of counsel absent satisfying other Tabron factors.  Given the Court's findings with respect to the other factors, appointment of counsel is not appropriate at this time.

## CONCLUSION

  For the foregoing reasons, the Court denies plaintiff's application for the appointment of pro bono counsel without prejudice to plaintiff's right to re-apply if his circumstances change.

            **SO ORDERED.**

            s/Patty Shwartz
            United States Magistrate Judge